Dodge *v.* Farnsworth.

ROBERT L. DODGE *versus* ISAAC FARNSWORTH.

The judgment debtor, upon whose estate a levy is to be made, to be entitled to choose an appraiser by virtue of St. 1821, c. 60, § 27, must be actually a resident, at the time of the levy, in the county where the land levied upon is situated.

The officer, if the debtor be absent, having a domicil within the county, is not bound to leave notice at the last and usual place of abode of the debtor.

A return that certain persons, assuming to act as agents of the debtor, he being absent, had selected an appraiser, whom the officer making the levy appointed, is good.

The reservation or exception of a part of the premises described in the return of the officer, does not vitiate it.

Parol testimony is not admissible to show, against the officer's return, that the appraisers were not sworn nor affirmed.

It is not essential, that the officer should name the magistrate by whom the oath was administered, or that his name should appear in the proceedings.

THIS was an action of ejectment, brought to recover certain real estate, described in the plaintiff's writ. The defendant disclaimed all the land embraced in the plaintiff's writ, except the estate set off to him by virtue of an execution hereinafter referred to, under which levy he claims title.

It was admitted, that on the 22d of Aug. 1836, the estate demanded was the property of one Wm. H. Fales, and that on that day the tenant sued out his writ of attachment against said Fales, and caused all his real estate in the county of Lincoln to be attached. The writ was duly entered, and judgment rendered thereon in favor of the plaintiff, April Term, 1838, upon which execution duly issued, by virtue of which a levy was seasonably made on that portion of the demanded premises claimed by the tenant.

The officer, in his return, certifies, " that the within named debtor is not, and for some months has not been within this State; and understanding that David Fales and Robert L. Dodge were his agents, I called upon them to choose an appraiser for him, and they selected Roland Hatch; and I appointed thereupon said Hatch for an appraiser for said debtor." It further appeared from the return, that part of the premises described in the return were excepted from the levy.

The demandant proposed to prove, (if admissible) that David Fales and said Dodge, who is the plaintiff in this suit, were the agents of the debtor at the time of the levy, and that the said Fales then resided without the State.

On the 18th of Jan. 1837, said Wm. H. Fales, by deed duly acknowledged and recorded, conveyed the premises levied upon, to the demandant.

The plaintiff proposed to prove that the said Dodge was not the agent of Wm. H. Fales, and that though said Fales was absent at the time of the levy, that his family resided in the neighborhood; and that said Dodge was not present at the levy, and did nothing in relation to it; that said Fales did name an appraiser, and that an appraiser was agreed to by the counsel for the plaintiff and the officer, who was subsequently rejected, without the knowledge of said David; and that one of said appraisers was not sworn or affirmed.

If the parol testimony proposed to be offered is not legally admissible, or would not be sufficient to control the other evidence in the case, and to change the decision which would be made on such other evidence alone, the Court is to decide upon the case as presented, and such judgment is to be rendered as may be conformable to law. If the parol testimony offered would be available, the facts are to be submitted to a jury.

*Holmes & Ruggles*, for the plaintiff.

*J. S. Abbott*, for the defendant.

The opinion of the Court was delivered by

Weston C. J. — By the statute of 1821, c. 60, prescribing among other things the mode of extending executions upon real estate, § 27, the officer may appoint an appraiser for the debtor, if he neglect or refuse to choose one, after being duly notified by the officer, if the debtor be living in the county, where the land lies. If he be not living in the county, it presents a case, in which the officer may appoint in behalf of the debtor. The officer returned that the debtor was not, and for some months had not been, within the State. He was not then

living within the county, so as to be entitled to notice under the statute ; for living has not there been held to have the sense of domicil ; but to mean an actual residence at the time. If he is not to be found in the county, which limits the range of the officer's power, he is not required to give him notice. *Russell et al.* v. *Hook,* 4 Greenl. 372 ; *Buck* v. *Hardy,* 6 Greenl. 162. He might have a domicil in the county, while on a distant voyage. In such case, the officer is neither obliged to give notice, nor to await his return. As the officer is to appoint disinterested and discreet men, who are to be under oath, and the debtor has a year to redeem the estate, his interest is protected, although absent. It might be reasonable in such case, as stated in *Buck* v. *Hardy,* that the officer should leave notice at the last and usual place of abode of the debtor ; yet the law imposes no such duty upon him ; and the court did not in that case hold it to be necessary.

The officer however manifested a desire, that the debtor should be duly represented in the appraisement. He returns that having been given to understand, that David Fales and Robert L. Dodge were his agents, he called upon them to choose an appraiser for him ; and that they assumed the agency by making a selection. He thereupon appointed the man thus selected, who is stated in his return to have been a disinterested and discreet freeholder. He does not assume the responsibility of returning, that they had the authority they assumed, of which he may not have had sufficient evidence. But if not authorized, which does not appear affirmatively, it was a good appointment for the debtor by the officer ; and none the less so, for his stating the reasons, which induced him to make it. *Russell & al.* v. *Hook,* before cited.

The return is, that the appraisers were duly and legally sworn, faithfully and impartially to appraise such real estate as should be shown to them. This was sufficient. It was not essential, that the officer should name the magistrate, by whom the oath was administered, or that his certificate should appear in the proceedings. *Bamford* v. *Melvin,* 7 Greenl. 14. The officer's return was there as general upon this point, as it is

here. The part of the premises described in the return as reserved or accepted, does not vitiate the levy. The judgment debtor may have had no title to that part. And if he had, there may have been satisfactory reasons for the exception.

The parol testimony, proposed on both sides, if admissible, could not legally affect the title, which the tenant derived from his levy.

*Judgment for the tenant.*